TONY WEST
Assistant Attorney General
JOHN R. TYLER
Assistant Branch Director
ERIC B. BECKENHAUER, CSBN 237526
Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Telephone: (202) 514-3338
Facsimile: (202) 616-8470
E-mail: eric.beckenhauer@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL LAWYERS' GUILD SAN FRANCISCO CHAPTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | No. C 08-5137 CRB <br><br> **JOINT STATUS REPORT AND STIPULATION TO STAY PROCEEDINGS; AND [PROPOSED] ORDER** |

WHEREAS, in an effort to narrow the issues before the Court,

1. On February 13, April 24, and June 24, 2009, the parties informed the Court that Defendants had agreed to reconsider the scope of their searches, reconsider the bases for their withholding of records previously produced, and/or perform secondary searches in response to Plaintiffs' February 2008 FOIA request (and, in the case of EOIR, in response to Plaintiffs' June 2008 FOIA request); and

2. On April 27, 2009, the Court approved the parties' stipulation to stay proceedings for a period of 60 days to allow the above-mentioned secondary searches, and the processing of

potentially responsive records, to continue. On June 25, 2009, the Court approved the parties' stipulation (a) to further stay proceedings through and including July 24, 2009; and (b) to submit a joint report advising the Court on the status of the secondary searches and processing, and/or a stipulation proposing a schedule to govern further proceedings, no later than July 24, 2009; and

    3.    Four Defendants — DHS, DHS-OIG, CIS, and CBP — have completed the processing of potentially responsive records, if any, identified from their secondary searches:

        a.    Defendant DHS performed a secondary search, and notified Plaintiffs that that search located no responsive records on March 19, 2009;

        b.    Defendant DHS-OIG performed a secondary search, and produced responsive, nonexempt records identified therefrom on March 19, 2009;

        c.    Defendant CIS performed a secondary search, and produced responsive, nonexempt records identified therefrom on April 24, 2009;

        d.    Defendant CBP performed a secondary search, and produced responsive, nonexempt records identified therefrom on June 24, 2009; and

    4.    The parties have conferred to discuss ways to move toward resolution of Plaintiffs' claims against Defendants DHS, DHS-OIG, CIS, and CBP. In an attempt to further narrow the issues before the Court, and perhaps to resolve Plaintiffs' claims against these Defendants without the Court's intervention, the parties have agreed that:

        a.    By September 4, 2009, Defendants DHS, DHS-OIG, CIS, and CBP will provide Plaintiffs with a letter that describes the scope of their respective searches for responsive records;

        b.    By September 25, 2009, Plaintiffs will respond with a letter that, with respect to each of these Defendants, either (i) stipulates that Plaintiffs do not contest the adequacy of the search; or (ii) states that Plaintiffs believe that the search was inadequate, and identifies any objection(s) with specificity; and

        c.    By October 16, 2009, the parties will confer in an effort to determine how to proceed with respect to Plaintiffs' claims challenging the adequacy of these Defendants' respective searches; and

5. With respect to Defendants DHS-OIG and CBP, which have withheld certain records as exempt from disclosure, the parties have further agreed that:

    a. By August 7, 2009, Plaintiffs will provide Defendants with a letter that both (i) identifies any record that Plaintiffs contend that Defendants DHS-OIG or CBP improperly withheld (in whole or in part) under the FOIA and for which Plaintiffs request a <u>Vaughn</u> index; and (ii) stipulates that Plaintiffs do not contest the propriety of the withholdings in any other record that DHS-OIG or CBP has produced. If there are multiple withholdings in any record for which Plaintiffs request a <u>Vaughn</u> index, Plaintiffs' letter will identify which withholdings they contest and which they do not. Plaintiffs expect to challenge the withholdings in 8 documents that DHS-OIG has produced and 12 documents that CBP has produced, and the parties agree that, if those numbers change materially, this portion of their agreement (i.e., Paragraph 5) is void;

    b. By September 4, 2009, Defendants DHS-OIG and CBP will provide Plaintiffs with a preliminary, partial <u>Vaughn</u> index explaining the bases for the withholdings that Plaintiffs contest;

    c. By September 25, 2009, Plaintiffs will respond with a letter that, with respect to each of the withholdings explained in the preliminary, partial <u>Vaughn</u> index, either (i) stipulates that Plaintiffs do not contest the propriety of the withholding; or (ii) states that Plaintiffs believe that the withholding was improper, and identifies their objection(s) with specificity; and

    d. By October 16, 2009, the parties will confer to determine how to proceed with Plaintiffs' claims challenging the propriety of these Defendants' respective withholdings; and

6. The two remaining Defendants — EOIR and ICE — have not yet completed the processing of potentially responsive records identified from their secondary searches.

  a. Defendant EOIR has performed a secondary search that has located approximately 2,700 pages of potentially responsive records. Of those, EOIR produced 343 pages of responsive, nonexempt records on May 24, 2009; 754 pages on June 23, 2009; and 802 pages on July 23, 2009. Approximately 800 pages of potentially responsive records remain to be processed. EOIR expects that processing and production of the remaining records will be completed by August 24, 2009. The parties have agreed to confer by October 16, 2009, to discuss ways to move toward resolution of Plaintiffs' claims against EOIR; and

  b. Defendant ICE has performed a secondary search that has located approximately 24,000 pages of potentially responsive records. Of those, ICE produced 321 pages of responsive, nonexempt records on June 2, 2009; 314 pages on June 23, 2009; and 1,034 pages on July 23, 2009. Approximately 22,330 pages of potentially responsive records remain to be processed. In view of the large volume of potentially responsive records located by ICE's secondary search, which would require considerable agency resources to process, the parties have conferred to establish a reasonable processing and production schedule. The parties have agreed that, given the resource constraints on ICE's FOIA office, a processing rate of approximately 1,000 pages of potentially responsive records per month is reasonable, and that ICE will continue to make interim productions of responsive, nonexempt records on a monthly basis; and

WHEREAS it would minimize litigation costs and conserve judicial resources to stay further proceedings in this case to permit the above-mentioned negotiations and processing to continue, and to permit the parties to confer further as described above;

No. C 08-5137 CRB
JOINT STATUS REPORT AND STIPULATION TO STAY PROCEEDINGS 4

| | |
|---|---|
| 1 | IT IS HEREBY AGREED AND STIPULATED by and between the parties, through |
| 2 | undersigned counsel, subject to the approval of the Court, that: |

1. Further proceedings in this case are stayed for a period of approximately 3 months through and including October 30, 2009; and

2. No later than October 30, 2009, the parties shall submit a joint report advising the Court on the status of the above-mentioned negotiations and processing and/or a stipulation proposing a schedule to govern further proceedings.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

No. C 08-5137 CRB
JOINT STATUS REPORT AND STIPULATION TO STAY PROCEEDINGS                      5

1 | Dated: July 24, 2009

2 | Respectfully submitted,

| | |
|---|---|
| JENNIFER LEE KOH<br>JAYASHRI SRIKANTIAH<br>IMMIGRANTS' RIGHTS CLINIC<br>STANFORD LAW SCHOOL<br>559 Nathan Abbott Way<br>Stanford, CA 94305<br>Tel: (650) 724-2442<br>Fax: (650) 723-4426<br><br>LINTON JOAQUIN<br>KAREN TUMLIN<br>NATIONAL IMMIGRATION<br>LAW CENTER<br>3435 Wilshire Boulevard, Suite 2850<br>Los Angeles, CA 90010<br>Tel: (213) 639-3900<br>Fax: (213) 639-3911<br><br>/s/ *Lisa A. Davis*<br>JARED KOPEL<br>LISA A. DAVIS<br>DOMINIQUE-CHANTALE ALEPIN<br>WILSON SONSINI GOODRICH &<br>ROSATI<br>Professional Corporation<br>650 Page Mill Road<br>Palo Alto, CA 94304-1050<br>Tel: (650) 493-9300<br>Fax: (650) 565-5100<br><br>Attorneys for Plaintiffs | TONY WEST<br>  Assistant Attorney General<br><br>JOHN R. TYLER<br>  Assistant Branch Director<br><br>/s/ *Eric B. Beckenhauer*<br>ERIC B. BECKENHAUER, CSBN 237526<br>Trial Attorney<br>U.S. Department of Justice<br>Civil Division, Federal Programs Branch<br>20 Massachusetts Ave. NW<br>Washington, DC 20530<br>Telephone: (202) 514-3338<br>Facsimile: (202) 616-8470<br>E-mail: eric.beckenhauer@usdoj.gov<br><br>Attorneys for Defendants |

**SIGNATURE ATTESTATION**

In accordance with General Order 45(X), I hereby attest that I have obtained Lisa A. Davis's concurrence in the filing of this document.

/s/ *Eric B. Beckenhauer*
ERIC B. BECKENHAUER

[PROPOSED] ORDER

Pursuant to stipulation, **IT IS SO ORDERED**.

Dated: JUL 3 0 2009

_____
CHARLES R. BREYER
United States District Judge