TONY WEST
  Assistant Attorney General
JOHN R. TYLER
  Assistant Branch Director
ERIC B. BECKENHAUER, CSBN 237526
  Trial Attorney

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave. NW
Washington, DC 20530
Telephone: (202) 514-3338
Facsimile: (202) 616-8470
E-mail: eric.beckenhauer@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL LAWYERS' GUILD SAN FRANCISCO CHAPTER, et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. DEPARTMENT OF HOMELAND SECURITY, et al., <br><br> Defendants. | No. C 08-5137 CRB <br><br> **JOINT STATUS REPORT AND STIPULATION TO STAY PROCEEDINGS; AND [PROPOSED] ORDER** |

WHEREAS, in an effort to narrow the issues before the Court,

1. On February 13, April 24, and June 24, 2009, the parties informed the Court that Defendants had agreed to reconsider the scope of their searches, to reconsider the bases for their withholding of records previously produced, and/or to perform secondary searches in response to Plaintiffs' February 2008 FOIA request (and, in the case of EOIR, in response to Plaintiffs' June 2008 FOIA request). On April 27 and June 25, 2009, the Court approved the parties' stipulations to stay proceedings to allow these secondary searches, and the processing of potentially responsive records, to take place; and

2. On July 24, 2009, the parties informed the Court that four Defendants — DHS, DHS-OIG, CIS, and CBP — had completed their secondary searches and/or processing, and that the parties had agreed to confer by a series of dates certain in an effort to resolve Plaintiffs' claims against those Defendants without the Court's intervention. On the same date, the parties informed the Court that the two other Defendants — EOIR and ICE — had not yet completed the processing of potentially responsive records identified from their secondary searches, and provided an update on the status of those Defendants' searches and processing. On July 30, 2009, the Court approved the parties' stipulation to stay proceedings to allow negotiations and processing to continue; and

3. On October 30, 2009, the parties informed the Court that, as a result of those negotiations, Plaintiffs stipulated that they did not contest the adequacy of the searches performed by Defendants DHS, DHS-OIG, or CIS, or the propriety of the withholdings made by DHS-OIG; accordingly, pursuant to Rule 41(a)(1)(A)(ii), the parties filed a stipulation of dismissal of this action with prejudice with respect to Defendants DHS, DHS-OIG, and CIS. On the same date, the parties informed the Court that Defendant CBP had provided Plaintiffs with a letter describing the scope of its search and a preliminary, partial <u>Vaughn</u> index explaining the bases for its withholdings; that Plaintiffs had responded with several objections and/or requests for clarification; and that the parties intended to negotiate further in an attempt to resolve any remaining issues without the Court's intervention. In addition, the parties informed the Court that Defendant EOIR had completed its secondary search, and had agreed in principle to provide Plaintiffs with a letter describing the scope of its search and a preliminary, partial <u>Vaughn</u> index, but that additional time was needed to reach agreement on the parameters and dates certain for such a process. Finally, the parties informed the Court that Defendant ICE's processing of potentially responsive records continued, and that ICE would continue to make interim productions of responsive, nonexempt records on a monthly basis; and

4. On November 12, 2009, the Court approved the parties' stipulation (a) to further stay proceedings through and including January 30, 2010; and (b) to submit a joint report advising the Court on the status of the above-mentioned negotiations and processing, and/or a stipulation proposing a schedule to govern further proceedings, no later than January 30, 2010; and

5. In accordance with the parties' status report of October 30, 2009, the parties have conferred on several occasions to clarify the scope of Defendant CBP's search and to discuss the propriety of its withholdings. CBP has provided Plaintiffs with additional information regarding these issues, most recently via letter dated January 27, 2010. Plaintiffs are not yet prepared to stipulate to the adequacy of CBP's search or the propriety of its withholdings; however, further negotiation may eliminate the need for judicial resolution of these issues; and

6. With respect to Defendant EOIR, in an attempt to further narrow the issues before the Court, and perhaps to resolve Plaintiffs' claims without the Court's intervention, the parties have agreed that:

    a. By February 12, 2010, EOIR will provide Plaintiffs with a letter that describes the scope of its search for responsive records;

    b. By March 5, 2010, Plaintiffs will respond with a letter that either (i) stipulates that Plaintiffs do not contest the adequacy of the search; or (ii) states that Plaintiffs believe that the search was inadequate, and identifies any objection(s) with specificity; and

    c. By March 19, 2010, the parties will confer in an effort to determine how to proceed with respect to Plaintiffs' claims challenging the adequacy of EOIR's search; and

7. Further, with respect to records that Defendant EOIR has withheld as exempt from disclosure:

    a. Plaintiffs have identified those records that they contend EOIR improperly withheld (in whole or in part) under the FOIA and for which Plaintiffs request a <u>Vaughn</u> index — namely, records bearing Bates numbers EOIR-2008- 5140(4)-000103, EOIR-2008-5140(4)-000500, EOIR-2008-5140(4)-000504, and EOIR-2008-5140(4)-000522; all records bearing the Bates number prefix EOIR-2008-5140(7); and all records withheld in full pursuant to EOIR's transmittal letter dated August 24, 2009; and

    b.  Plaintiffs have stipulated that they do not contest the propriety of the withholdings in any other record that EOIR has produced; and

    c.  The parties have agreed that, by February 26, 2010, EOIR will provide Plaintiffs with a preliminary, partial Vaughn index explaining the bases for the withholdings that Plaintiffs contest; and

    c.  By March 19, 2010, Plaintiffs will respond with a letter that, with respect to each of the withholdings explained in the preliminary, partial Vaughn index, either (i) stipulates that Plaintiffs do not contest the propriety of the withholding; or (ii) states that Plaintiffs believe that the withholding was improper, and identifies their objection(s) with specificity; and

    d.  By April 2, 2010, the parties will confer to determine how to proceed with Plaintiffs' claims challenging the propriety of EOIR's withholdings; and

  8. Defendant ICE currently believes that processing of the approximately 24,000 pages of potentially responsive records located during its secondary search is complete. As of the parties' status report of October 30, 2009, the ICE FOIA office had estimated that approximately 19,084 pages of potentially responsive records remained to be processed, and the parties had agreed that, given the resource constraints on ICE's FOIA office, a processing rate of approximately 1,000 pages of potentially responsive records per month was reasonable. However, the FOIA office later determined that that estimate included two large spreadsheet files totaling approximately 22,460 pages, which were relatively easy to process and were produced on November 25, 2009. ICE produced an additional 736 pages of responsive, nonexempt records on November 25, 2009; 1,335 pages on December 31, 2009; and 528 pages on January 28, 2010. An additional 3,306 pages were determined to be duplicate or nonresponsive documents. The ICE FOIA office plans to conduct quality control checks during the next few weeks to confirm that processing is, in fact, complete, and the parties have agreed to confer by February 26, 2010, to discuss ways to move toward resolution of Plaintiffs' claims against ICE; and

  WHEREAS it would minimize litigation costs and conserve judicial resources to stay further proceedings in this case to permit the above-mentioned negotiations to continue, and to

1  permit the parties to confer further as described above;

2      IT IS HEREBY AGREED AND STIPULATED by and between the parties, through
3  undersigned counsel, subject to the approval of the Court, that:

4      1.    Further proceedings in this case are stayed for a period of approximately 3 months
5          through and including April 30, 2010; and
6      2.    No later than April 30, 2010, the parties shall submit a joint report advising the Court
7          on the status of the above-mentioned negotiations and processing and/or a stipulation
8          proposing a schedule to govern further proceedings.

9  //
10 //
11 //
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

1  Dated: January 29, 2010

2                                      Respectfully submitted,

3    /s/ *Jennifer Lee Koh*                                     TONY WEST
   JENNIFER LEE KOH                                                     Assistant Attorney General
4  JAYASHRI SRIKANTIAH
   IMMIGRANTS' RIGHTS CLINIC                                            JOHN R. TYLER
5  STANFORD LAW SCHOOL                                                  Assistant Branch Director
   559 Nathan Abbott Way
6  Stanford, CA 94305                                                     /s/ *Eric B. Beckenhauer*
   Tel: (650) 724-2442                                                  ERIC B. BECKENHAUER, CSBN 237526
7  Fax: (650) 723-4426                                                  Trial Attorney
                                                                        U.S. Department of Justice
8  LINTON JOAQUIN                                                       Civil Division, Federal Programs Branch
   KAREN TUMLIN                                                         20 Massachusetts Ave. NW
9  NATIONAL IMMIGRATION                                                 Washington, DC 20530
   LAW CENTER                                                           Telephone: (202) 514-3338
10 3435 Wilshire Boulevard, Suite 2850                                  Facsimile: (202) 616-8470
   Los Angeles, CA 90010                                                E-mail: eric.beckenhauer@usdoj.gov
11 Tel: (213) 639-3900
   Fax: (213) 639-3911                                                  Attorneys for Defendants
12
   JARED KOPEL
13 LISA A. DAVIS
   DOMINIQUE-CHANTALE ALEPIN
14 WILSON SONSINI GOODRICH &
   ROSATI
15 Professional Corporation
   650 Page Mill Road
16 Palo Alto, CA 94304-1050
   Tel: (650) 493-9300
17 Fax: (650) 565-5100

18 Attorneys for Plaintiffs

19                                      **SIGNATURE ATTESTATION**

20     In accordance with General Order 45(X), I hereby attest that I have obtained Jennifer Lee Koh's concurrence in the filing of this document.

21
                                           /s/ *Eric B. Beckenhauer*
22                                       ERIC B. BECKENHAUER

23

24                                      [~~PROPOSED~~] **ORDER**

25     Pursuant to stipulation, **IT IS SO ORDERED**.

26

27 Dated: __February 2, 2010__                    _____
                                                  CHARLES R. [BREYER]
28                                                United States D[istrict Judge]

No. C 08-5137 CRB
JOINT STATUS REPORT AND STIPULATION TO STAY PROCEEDINGS                                              6

*[Seal: United States District Court, Northern District of California]*
*[Stamp: IT IS SO ORDERED — Judge Charles R. Breyer]*