*E-Filed 5/3/10*

1  TONY WEST
      Assistant Attorney General
2  JOHN R. TYLER
      Assistant Branch Director
3  ERIC B. BECKENHAUER, CSBN 237526
      Trial Attorney
4
      U.S. Department of Justice
5  Civil Division, Federal Programs Branch
      20 Massachusetts Ave. NW
6  Washington, DC 20530
      Telephone: (202) 514-3338
7  Facsimile: (202) 616-8470
      E-mail: eric.beckenhauer@usdoj.gov
8
    Attorneys for Defendants
9

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                    SAN FRANCISCO DIVISION

13
    NATIONAL LAWYERS' GUILD SAN              No. C 08-5137 RS
14  FRANCISCO CHAPTER, et al.,
                                             **JOINT STATUS REPORT
15          Plaintiffs,                      AND STIPULATION TO STAY
                                             PROCEEDINGS; AND [PROPOSED]
16      v.                                   ORDER**

17  U.S. DEPARTMENT OF HOMELAND
    SECURITY, et al.,
18
            Defendants.
19  _____/

20

21          WHEREAS, in an effort to narrow the issues before the Court,

22          1.      The parties have entered into a series of stipulations to stay proceedings since April

23  24, 2010, to allow Defendants to conduct secondary searches and process potentially responsive

24  records, and to allow the parties to confer in an effort to resolve Plaintiffs' claims without the

25  Court's intervention. On October 30, 2009, as a result of those negotiations, Plaintiffs stipulated that

26  they did not contest the adequacy of the searches performed by Defendants DHS, DHS-OIG, or

27  CIS, or the propriety of the withholdings made by DHS-OIG; accordingly, pursuant to Rule

28  41(a)(1)(A)(ii), the parties filed a stipulation of dismissal of this action with prejudice with respect

1  to those Defendants.  Negotiations continued with respect to the remaining Defendants: CBP,

2  EOIR, and ICE.  On February 2, 2010, the Court approved the parties' stipulation (a) to further stay

3  proceedings through and including April 30, 2010; and (b) to submit a joint report advising the

4  Court on the status of negotiations and processing, and/or a stipulation proposing a schedule to

5  govern further proceedings, no later than April 30, 2010; and

6         2.       CBP has provided Plaintiffs with a letter describing the scope of its search and a

7  preliminary, partial Vaughn index explaining the bases for its withholdings; Plaintiffs have

8  responded with several objections and/or requests for clarification; and the parties have continued

9  to confer to discuss the scope of CBP's search and the propriety of its withholdings.  Plaintiffs are

10  not yet prepared to stipulate to the adequacy of CBP's search or the propriety of its withholdings;

11  however, further negotiation may eliminate the need for judicial resolution of these issues; and

12        3.       EOIR has provided Plaintiffs with a letter describing the scope of its search and with

13  preliminary, partial Vaughn indexes explaining the bases for its withholdings.  In an attempt to

14  further narrow the issues before the Court, and perhaps to resolve Plaintiffs' claims without the

15  Court's intervention, the parties have agreed that:

16              a.      By May 15, 2010, Plaintiffs will respond with a letter that either (i) stipulates

17                      that Plaintiffs do not contest the adequacy of the search; or (ii) states that

18                      Plaintiffs believe that the search was inadequate, and identifies any

19                      objection(s) with specificity; and

20              b.      By June 30, 2010, Plaintiffs will respond with a letter that, with respect to

21                      each of the withholdings explained in the preliminary, partial Vaughn

22                      indexes, either (i) stipulates that Plaintiffs do not contest the propriety of the

23                      withholding; or (ii) states that Plaintiffs believe that the withholding was

24                      improper, and identifies their objection(s) with specificity; and

25              c.      By August 15, 2010, the parties will confer to determine how to proceed with

26                      Plaintiffs' claims challenging the adequacy of EOIR's search and the

27                      propriety of its withholdings; and

28

1    4.    ICE has confirmed that its processing of the approximately 24,000 pages of

2  potentially responsive records located during its secondary search is complete.  In an attempt to

3  further narrow the issues before the Court, and perhaps to resolve Plaintiffs' claims without the

4  Court's intervention, the parties have agreed that:

5              a.    By June 30, 2010, ICE will provide Plaintiffs with a letter that describes the

6                   scope of its search for responsive records;

7              b.    By July 30, 2010, Plaintiffs will respond with a letter that either (i) stipulates

8                   that Plaintiffs do not contest the adequacy of the search; or (ii) states that

9                   Plaintiffs believe that the search was inadequate, and identifies any

10                  objection(s) with specificity; and

11             c.    By August 15, 2010, the parties will confer in an effort to determine how to

12                  proceed with respect to Plaintiffs' claims challenging the adequacy of ICE's

13                  search; and

14   5.    Further, with respect to records that Defendant ICE has withheld as exempt from

15  disclosure:

16             a.    By letter dated April 1, 2010, Plaintiffs identified those records that they

17                  contend ICE improperly withheld (in whole or in part) under the FOIA and

18                  for which Plaintiffs request a Vaughn index; and

19             b.    Plaintiffs have stipulated that they do not contest the propriety of the

20                  withholdings in any other record that ICE has produced; and

21             c.    The parties have agreed that, by May 31, 2010, ICE will provide Plaintiffs

22                  with a preliminary, partial Vaughn index explaining the bases for the

23                  withholdings that Plaintiffs contest; and

24             d.    By July 30, 2010, Plaintiffs will respond with a letter that, with respect to

25                  each of the withholdings explained in the preliminary, partial Vaughn index,

26                  either (i) stipulates that Plaintiffs do not contest the propriety of the

27                  withholding; or (ii) states that Plaintiffs believe that the withholding was

28                  improper, and identifies their objection(s) with specificity; and

1        e.      By August 15, the parties will confer to determine how to proceed with

2               Plaintiffs' claims challenging the propriety of ICE's withholdings; and

3      WHEREAS it would minimize litigation costs and conserve judicial resources to stay

4  further proceedings in this case to permit the above-mentioned negotiations to continue, and to

5  permit the parties to confer further as described above;

6      IT IS HEREBY AGREED AND STIPULATED by and between the parties, through

7  undersigned counsel, subject to the approval of the Court, that:

8      1.     Further proceedings in this case are stayed for a period of approximately 4 months

9             through and including August 31, 2010; and

10     2.     No later than August 31, 2010, the parties shall submit a joint report advising the

11           Court on the status of the above-mentioned negotiations and processing and/or a

12           stipulation proposing a schedule to govern further proceedings.

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

1 | Dated: April 30, 2010

2 | Respectfully submitted,

3 |   /s/ *Jennifer Lee Koh*
JENNIFER LEE KOH

TONY WEST
   Assistant Attorney General

4 | JAYASHRI SRIKANTIAH
IMMIGRANTS' RIGHTS CLINIC

JOHN R. TYLER
   Assistant Branch Director

5 | STANFORD LAW SCHOOL
559 Nathan Abbott Way

6 | Stanford, CA 94305
Tel: (650) 724-2442

   /s/ *Eric B. Beckenhauer*
ERIC B. BECKENHAUER, CSBN 237526

7 | Fax: (650) 723-4426

   Trial Attorney
   U.S. Department of Justice

8 | LINTON JOAQUIN
KAREN TUMLIN

   Civil Division, Federal Programs Branch
   20 Massachusetts Ave. NW

9 | NATIONAL IMMIGRATION
LAW CENTER

   Washington, DC 20530
   Telephone: (202) 514-3338

10 | 3435 Wilshire Boulevard, Suite 2850
Los Angeles, CA 90010

   Facsimile: (202) 616-8470
   E-mail: eric.beckenhauer@usdoj.gov

11 | Tel: (213) 639-3900
Fax: (213) 639-3911

Attorneys for Defendants

12 | 

13 | JARED KOPEL
LISA A. DAVIS

14 | DOMINIQUE-CHANTALE ALEPIN
WILSON SONSINI GOODRICH &
ROSATI

15 | Professional Corporation
650 Page Mill Road

16 | Palo Alto, CA 94304-1050
Tel: (650) 493-9300

17 | Fax: (650) 565-5100

18 | Attorneys for Plaintiffs

19 | **SIGNATURE ATTESTATION**

20 | In accordance with General Order 45(X), I hereby attest that I have obtained Jennifer Lee Koh's concurrence in the filing of this document.

21 | 

22 |   /s/ *Eric B. Beckenhauer*
ERIC B. BECKENHAUER

23 | 

24 | **[PROPOSED] ORDER**

25 | Pursuant to stipulation, **IT IS SO ORDERED**.

26 | 

27 | Dated: __5/3/10_____

28 | RICHARD SEEBORG
United States District Judge